EAST TENN., VA. & GA. RAILWAY CO.. v. THEUS.

An affidavit of illegality alleging that a *fi. fa.* levied upon property of the defendant is proceeding illegally "because the defendant has been garnisheed for the debts due by the plaintiff in the State of Tennessee, and pursuant to this garnishment, legally sued out, the defendant paid the debts of the plaintiff in a sum greater than the amount for which the *fi. fa.* is issued in this case," was, on motion of counsel for the plaintiff, properly dismissed. The affidavit, alleging nothing concerning the validity of the garnishment except that it was " legally sued out," and failing entirely to state that any judgment whatever was rendered thereon, presents no legal obstacle to the collection of plaintiff's *fi. fa.* If its purpose was to set up as a defence against this *fi. fa.* the payment of money due the plaintiff upon a valid judgment legally rendered in garnishment proceedings in another State, the judgment itself should have been pleaded, with proper allegations.

October 17, 1892.                                    *Judgment affirmed.*

Affidavit of illegality.  Before Judge MARSHALL J. CLARKE.  Fulton superior court.  March term, 1892.

The affidavit contained three grounds, but two of them were abandoned in the Supreme Court, and the third is recited in the head-note.  The defendant excepted to the dismissal of the affidavit on the ground that it contained no valid defence.

DORSEY, BREWSTER & HOWELL, for plaintiff in error.
OSCAR PARKER, *contra.*